1  **COMP**
   CAL J. POTTER, III, ESQ.
2  Nevada Bar No. 1988
   POTTER LAW OFFICES
3  1125 Shadow Lane
   Las Vegas, Nevada 89102
4  Tel: (702) 385-1954
   Fax: (702) 385-9081
5  *Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RONDHA GIBSON, individually, and as wife and special administrator of the ESTATE OF STANLEY GIBSON | |
| Plaintiffs, | CASE NO.: |
| vs. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivison of the State of Nevada; SHERIFF DOUGLAS GILLESPIE, individually and as policy maker of Las Vegas Metropolitan Police Department; LIEUTENANT DAVID DOCKENDORF, individually; SERGEANT MICHAEL HNATUICK, individually; OFFICER JESUS AREVALO, individually, OFFICER MALIK GREGO- SMITH, individually; DOES 1 through 10, inclusive; | **COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL** |
| Defendants. | |

COMES NOW, RONDHA GIBSON, individually and as Special Administrator of the ESTATE OF STANLEY GIBSON, by and through her attorney, CAL J. POTTER, III, ESQ. of POTTER LAW OFFICES, for her Complaint against Defendants, state as follows:

. . .

. . .

. . .

. . .

**JURISDICTION AND VENUE**

1. This is a civil rights wrongful death/survival action arising from Defendants' wrongful shooting, use of excessive force and negligence, resulting in the death of Stanley Gibson, deceased on December 12, 2011, in the City of Las Vegas, Clark County, Nevada. This action is brought pursuant to 42 USC §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of Nevada. Jurisdiction is founded upon 28 USC §§1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions. Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 USC § 1367 to hear and decide claims arising under state law.

2. A substantial part of the events and/or omissions complained of herein occured in the City of Las Vegas, Clark County, Nevada, and this action is properly assigned to the United States District Court for the District of Nevada-Las Vegas.

**PARTIES**

3. Plaintiff RONDHA GIBSON brings these claims individually and as wife and successor in interest for her husband, Stanley Gibson, Deceased. RONDHA GIBSON is a resident of Nevada and is entitled to bring these claims individually pursuant to N.R.S. § 41.100 and federal civil rights law.

4. Decedent Stanley Gibson, was a native of Las Vegas and a disabled veteran of the Army. Stanley Gibson was honorably discharged from the Army in 1992, after serving in the Gulf War. During his service to his country, Stanley Gibson was exposed to depleated uranium, which caused him to suffer from throat cancer. Ultimately, Stanley Gibson underwent five surgeries as a result of his cancer. At the time of his death Stanley Gibson weighed approximately one hundred and twenty (120) pounds. Stanley Gibson also suffered Post Traumatic Stress Disorder, anxiety and constant pain as a result of his service during the Gulf War. Stanley Gibson was killed by Defendants on December 12, 2011, from multiple gunshots from a .223 caliber assault rifle fired by Officer Jesus Arevalo. Stanley Gibson was African-American.

5. Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT ("LVMPD") is a political subdivision of the State of Nevada and employs the other Defendants in this action.

6. Defendant SHERIFF DOUGLAS GILLESPIE ("Sheriff Gillespie") at all material times was elected as Sheriff of LVMPD and was acting within the course and scope of his employment. As Sheriff, Defendant Sheriff Gillespie is a policy-making official for LVMPD with the power to make official and final policy for LVMPD. Sheriff Gillespie is sued in his individual capacity.

7. Defendant LIEUTENANT DAVID DOCKENDORF ("Lt. Dockendorf") at all material times was employed as a Lieutenant with LVMPD, and was acting within the course and scope of that employment. Lt. Dockendorf is being sued in his individual capacity.

8. Defendant SERGEANT MICHAEL HNATUICK ("Sgt. Hnatuick") at all material times was employed as a Sergeant with LVMPD, and was acting within the course and scope of that employment. Sgt. Hnatuick is being sued in his individual capacity.

9. Defendant OFFICER JESUS AREVALO ("Ofc. Arevalo") at all material times was employed as a Police Officer with LVMPD, and was acting within the course and scope of that employment. Ofc. Arevalo is being sued in his individual capacity.

10. Defendant OFFICER MALIK GREGO-SMITH ("Ofc. Grego-Smith") at all material times was employed as a Police Officer with LVMPD, and was acting within the course and scope of that employment. Ofc. Grego-Smith is being sued in his individual capacity.

11. Plaintiffs are informed and believe, and thereon allege, that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiffs. Further, one or more DOE DEFENDANTS was at all material times responsible for the hiring, training, supervision, and discipline of other Defendants including DOE DEFENDANTS.

. . .

. . .

12. Plaintiffs are informed and believe, and thereon allege, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiffs are further informed and believe, and thereon allege, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged. At all material times, each Defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiffs' constitutional rights and other harm.

13. The acts and omissions of all Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices and procedures of LVMPD.

14. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of Nevada.

15. This Complaint may be pled in the alternative pursuant to Fed.R.Civ.P 8(d)(2).

## GENERAL ALLEGATIONS

16. Plaintiffs reallege each and every paragraph in this Complaint as if fully set forth here.

17. On December 12, 2011, Stanley Gibson was attempting to return home, to an apartment that he and Rondha Gibson had recently moved into approximately ten (10) days earlier.

18. Upon information and belief, Stanley Gibson was disoriented and confused and arrived at Alondra Condominium Complex, mistakenly believing that he was at the apartment complex wherre he resided.

19. Stanley Gibson slowly drove around the apartment complex, appearing to be lost.

20. Subsequently, Stanley Gibson's vehicle was immobilized because it was pinned between LVMPD automobiles. Tragically, Stanley Gibson would never leave his vehicle alive.

21. Stanley Gibson was barricaded in his vehicle.

22. Stanley Gibson was unarmed.

23. That Stanley Gibson sat in his vehicle, in the presence of Defendants, in excess of thirty (30) minutes.

24. Thereafter, upon information and belief, Lt. David Dockendorf, Sgt. Michael Hnatuick and Doe Defendants, the supervisors at the scene, concocted an ill-conceived scheme to fire a less-lethal round into Mr. Gibson's vehicle to break a window in Mr. Gibson's vehicle. The supervisors then planned to spray chemicals into Mr. Gibson's vehicle.

25. That the supervisors scheme was a poor choice of tactics.

26. Upon information and belief, there was a breakdown in communication between Officer Jesus Arevalo and his supervisors as a result of LVMPD's malfunctioning communications equipment.

27. Then Officer Jesus Arevalo fired his assault rifle at Stanley Gibson.

28. Ofc. Jesus Arevalo fired his assault rifle at Stanley Gibson a second time

29. Ofc. Jesus Arevalo fired his assault rifle at Stanley Gibson a third time

30. Ofc. Jesus Arevalo fired his assault rifle at Stanley Gibson a fourth time

31. Ofc. Jesus Arevalo fired his assault rifle at Stanley Gibson a fifth time

32. Ofc. Jesus Arevalo fired his assault rifle at Stanley Gibson a sixth time

33. Ofc. Jesus Arevalo fired his assault rifle at Stanley Gibson a seventh time

34. Ofc. Jesus Arevalo, and Defendants, killed Stanley Gibson.

35. Upon information and belief, Ofc. Jesus Arevalo had a legnthy history of citizens complaints and internal discipline.

36. That Officer Malik Grego-Smith and Doe Officers I-X failed to stop excessive force which was committed in their presence.

37. That former LVMPD Sheriff Bill Young is intimately familiar with the customs, policies, practices, and procedures of LVMPD.

38. That on December 15, 2011, Former Sheriff Bill Young appeared on KNPR's "State of Nevada" radio program to discuss, among other things, the shooting of Stanley Gibson.

39. That Sheriff Young was very candid in his discussion on KNPR's "State of Nevada."

40. Sheriff Young explained that he had received a briefing on the shooting of Stanley Gibson from "some folks at Metro."

41. In regard to the shooting of Stanley Gibson, Bill Young said "It appears that this shooting has some problems."

42. Sheriff Young explained that "time is always on your side in situations when you have an individual who is barricaded"

42. Sheriff Young further explained that LVMPD officers at the scene knew Gibson was immobilized and unarmed. Young explained that Stanley Gibson's "car was taken out of play as a threat."

43. Sheriff Young expounded that "It is always best to slow the action down particularly with somebody who appears to be mentally unstable. There are several tactics and resources at the police's disposal."

44. Sheriff Young expressed concern regarding whether Defendants had used resources which were available to them, asking: "Was Crisis Intervention Team called, who are specifically trained to handle the mentally ill?"; "Why was the action not slowed down?"; "Was SWAT unit contacted, who are much better prepared, tactically, to deal with a barricaded individual?"; "What led to having to resolve this so quickly?";

45. Sheriff Young concluded his litany of questions by asking "Why did an officer have a long gun in a situation like this?"

46. Sheriff Young clarified his final question by explaining that he was the individual who "brought the long guns (AR-15s) in for specific situations and this is not a case where you would want both hands tied up with a long gun," and that "very rarely in an apartment complex ... would you want a rifle."

47. Sheriff Young concluded that in the shooting of Stanley Gibson it was "totally inappropriate to have a long gun, at that close distance, aimed at an individual who was unarmed and, apparently, mentally distraught."

48. Likewise, Sheriff Young also concluded that "quickly attempting to resole this situation or aggressively taking action ... does not seem to be the most prudent course of action."

6

49. At all material times, and alternatively, the actions and omissions of each Defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiffs' rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

50. As a direct and proximate result of each Defendants' acts and/or omissions as set forth above, Plaintiffs sustained the following injuries and damages, past and future, among others:

    a. Wrongful death of Stanley Gibson;

    b. Hospital and medical expenses;

    c. Coroner's fees, funeral and burial expenses;

    d. Loss of familial relationships, including loss of love, companionship, comfort, affection, consortium, society, services, solace, and moral support;

    e. Loss of economic support;

    f. Violation of constitutional rights;

    g. All damages and penalties recoverable under 42 USC §§ 1983 and 1988, and otherwise allowed under Nevada and United States statutes, codes, and common law;

    h. Stanley Gibson's loss of life, pursuant to federal civil rights law;

    i. Stanley Gibson's conscious pain, and suffering, pursuant to federal civil rights law.

. . .
. . .
. . .
. . .
. . .
. . .
. . .

## FIRST CAUSE OF ACTION

## 42 USC §1983

## AGAINST LT. DOCKENDORF, SGT. HNATUICK,

## OFC. JESUS AREVALO, OFC. MALIK GREGO-SMITH, AND DOES 1-10

51. Plaintiffs reallege each and every paragraph in this Complaint as if fully set forth here.

52. By the actions and omissions described above Defendants violated 42 USC § 1983, depriving Plaintiffs of the following clearly-established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to the United States Constitution:

    a.    The right to be free from unreasonable seizure as secured by the Fourth and Fourteenth Amendments;

    b.    The right to be free from excessive and unreasonable force as secured by the Fourth and Fourteenth Amendments;

    c.    The right to be free from the use of unlawful deadly force as secured by the Fourth and Fourteenth Amendments;

    d.    The right to be free from the use of unlawful, reckless, deliberately indifferent, and conscience shocking deadly force as secured by the Fourteenth Amendment;

    e.    The right to be free from wrongful government interference with familial relationships, and Plaintiffs' right to companionship, society, support of each other, as secured by the First, Forth and Fourteenth Amendments, and N.R.S. § 41.100.

53. Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs, individually and on behalf of Stanley Gibson, Deceased, and others would be violated by their acts and/or omissions.

54. As a direct and proximate result of Defendants act and/or omissions as set forth above, Plaintiffs sustained injuries and damages as set forth as paragraph 51, above.

55. The conduct of Defendants Lt. Dockendorf, Sgt. Hnatuick, Ofc. Arevalo, Ofc. Grego-Smith, and Does 1-10 entitles Plaintiffs to punitive damages and penalties allowable under 42 USC §1983 and N.R.S.§ 42.005.

56. Plaintiffs are also entitled to costs and attorneys fees under 42 USC § 1988 and applicable Nevada statutes.

## SECOND CAUSE OF ACTION

## 42 USC §1983 - MONELL CLAIM

## AGAINST LVMPD, SHERIFF GILLESPIE, AND DOES 1-10

57. Plaintiffs reallege each and every paragraph in this Complaint as if fully set forth here.

58. The unconstitutional actions and/or omissions of Lt. Dockendorf, Sgt. Hnatuick, Ofc. Arevalo, Ofc. Grego-Smith, and Does 1-10, as well as other officers employed by or acting on behalf of Defendant LVMPD, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of LVMPD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy-making officers of LVMPD:

    a. To use or tolerate the use of excessive and/or unjustified force;

    b. To use or tolerate the use of unlawful deadly force;

    c. To fail to use appropriate and generally accepted law enforcement procedures in handling emotionally disturbed;

    d. To fail to use appropriate and generally accepted law enforcement procedures in handling disabled persons;

    e. To use appropriate and generally accepted law enforcement procedures in handling persons experiencing medical emergencies;

    f. To cover-up violations of constitutional rights by any or all of the following:

        i. By failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force, unlawful seizures, and/or handling of emotionally disturbed persons;

        ii.      By ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity;

        iii.      By allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

g.      To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department; and,

h.      To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct.

i.      The failure to remedy malfunctioning communication devices;

j.      Policy of failing to discipline poorly performing officers.

59.     Defendants LVMPD, Sherif Gillespie, and Does 1-10 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants Lt. Dockendorf, Sgt. Hnatuick, Ofc. Arevalo, Ofc. Grego-Smith, and Does 1-10, and other LVMPD personnel, with deliberate indifference to Plaintiffs' constitutional rights, which were thereby violated as described above.

60.     The unconstitutional actions and/or omissions of Lt. Dockendorf, Sgt. Hnatuick, Ofc. Arevalo, Ofc. Grego-Smith, and Does 1-10, and other LVMPD personnel, as described above, were approved, tolerated, and/or ratified by policy-making officials of LVMPD. Plaintiffs are informed and believe, and thereupon allege, the details of this incident have been revealed to the authorized policy makers within LVMPD, and that such policy makers have direct knowledge of the fact that the Stanley Gibson shooting was not justified, but rater represented an

unconstitutional display of unreasonable, excessive and deadly force. Notwithstanding this knowledge, the authorized policy makers within LVMPD have approved Defendants Lt. Dockendorf, Sgt. Hnatuick, Ofc. Arevalo, Ofc. Grego-Smith, and Does 1-10 shooting and the basis for that shooting. By so doing, the authorized policy makers within LVMPD have shown affirmative agreement with the individual Defendant officers' actions, and have ratified the unconstitutional acts of the individual Defendants.

61.     The aforementioned customs, policies, practices, and procedures, the failures to adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration or wrongful conduct by Defendants LVMPD, Sheriff Gillespie, and Does 1-10, were a moving force and/or proximate cause of the deprivations of Plaintiffs' clearly-established and well-settled constitutional rights in violation of 42 USC § 1983, as set forth above.

62.     Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs and others would be violated by their acts and/or omissions.

63.     As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures Defendants LVMPD, Sheriff Gillespie, and Does 1-10 as described above, Plaintiffs sustained serious and permanent injuries and are entitled to damages, penalties, costs and attorney fees as set forth herein, and punitive damages against Defendants Sheriff Gillespie, Lt. Dockendorf, Sgt. Hnatuick, Ofc. Arevalo, Ofc. Grego-Smith, and Does 1-10 in their individual capacities.

. . .

. . .

. . .

. . .

. . .

. . .

## THIRD CAUSE OF ACTION

## NEGLIGENCE

## AGAINST ALL DEFENDANTS

64. Plaintiffs reallege each and every paragraph in this Complaint as if fully set forth here.

65. At all times, each Defendant owed Plaintiffs the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

66. At all times, each Defendant owed Plaintiffs the duty to act with reasonable care.

67 There general duties of reasonable care and due care owed to Plaintiffs by all Defendants include but are not limited to the following specific obligations:

    a. to refrain from using excessive and/or unreasonable force against Stanley Gibson;

    b. to refrain from unreasonably creating the situation where force, including deadly force, is used;

    c. to refrain from abusing the authority granted to them by law;

    d. to use tactics and force appropriate for a disabled, emotionally disturbed person having an emergency;

    e. to refrain from violating Plaintiffs' rights guaranteed by the United States and Nevada Constitutions, as set forth above, and as otherwise protected by law.

68 Additionally, these general duties of reasonable care and due care owed to Plaintiffs by Defendants LVMPD, Sheriff Gillespie, and Does 1-10, include but are not limited to the following specific obligations:

    a. to properly and adequately hire, investigate, train, supervise, monitor, evaluate, and discipline, their employees, agents, and/or law enforcement officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

. . .

1        b.    to make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including Plaintiffs';

4        c.    to refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth above.

69. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiffs.

70. As a direct and proximate result of Defendants' negligence, Plaintiffs sustained injuries and damages, and against each and every Defendant and are entitled to relief as set forth herein, and punitive damages against Defendants Sheriff Gillespie, Lt. Dockendorf, Sgt. Hnatuick, Ofc. Arevalo, Ofc. Grego-Smith, and Does 1-10 in their individual capacities.

## FOURTH CAUSE OF ACTION

## ASSAULT AND BATTERY

## AGAINST ALL DEFENDANTS

71. Plaintiffs reallege each and every paragraph in this Complaint as if fully set forth here.

72. The actions of Defendants LVMPD, Defendants Sheriff Gillespie, Lt. Dockendorf, Sgt. Hnatuick, Ofc. Arevalo, Ofc. Grego-Smith, and Does 1-10 as set forth in paragraphs 20 through 34, above, constitute assault and battery.

73. As a direct and proximate result of Defendants' assault and battery of Stanley Gibson, Plaintiffs sustained injuries and damages, and are entitled to relief as set forth herein and punitive damages against Defendants Sheriff Gillespie, Lt. Dockendorf, Sgt. Hnatuick, Ofc. Arevalo, Ofc. Grego-Smith, and Does 1-10 in their individual capacities.

. . .

. . .

. . .

. . .

. . .

WHEREFORE, Plaintiffs respectfully request the following relief against each and every Defendant herein, jointly and severally:

    a.    compensatory and exemplary damages in an amount according to proof and which is fair, just and reasonable, in excess of seventy five thousand dollars.($75,000.00);

    b.    punitive damages under 42 USC § 1983 and Nevada law in an amount according to proof and which is fair, just, and reasonable, in excess of seventy five thousand dollars.($75,000.00;

    c.    all other damages, penalties, costs, interest, and attorney fees as allowed by 42 USC §§ 1983 and 1988 and as otherwise may be allowed by Nevada and/or federal law, in excess of seventy five thousand dollars.($75,000.00;

    d.    Injuctive relief, including but not limited to the following:

        i.    an order requiring Defendants to institute and enforce appropriate and lawful policies and procedures for stopping and detaining individuals, particularly persons with disabilities and emotionally disturbed persons

        ii.    an order prohibiting Defendants and their police officers from unlawfully interfering with the rights of Plaintiffs and others to be free from unreasonable seizures and excessive and unreasonable force;

        iii.    An order prohibiting Defendants and their police officers from engaging in the "code of silence" as may be supported by the evidence in this case;

        iv.    an order requiring Defendants to train all LVMPD law enforcement officers concerning generally accepted and proper tactics and procedures for the use of deadly force and this Court's orders concerning the issues raised in injunctive relief requests i-iii, above;

|   |   |   |
|---|---|---|
| 1 | v. | an order requiring Defendants to train all LVMPD officers concerning generally accepted and proper tactics and procedures for handling emotionally disturbed persons, disabled persons, and this Court's orders concerning requests i-iii, above; |
| 5 | vi. | an order requiring Defendants to train all LVMPD officers concerning generally accepted and proper tactics and procedures for handling disabled persons and this Courts orders concerning the issues raised in injunctive relief requests i-iii, above; |
| 9 | vii. | An order requiring Defendants to collect and publicly release data concerning police stops so that LVMPD will foster a yet-to-be-seen degree of transparency and accountability. |

DATED this 11th day of December, 2012

**POTTER LAW OFFICES**

By  /s/ Cal J. Potter, III, Esq.
CAL J. POTTER, III, ESQ.
Nevada Bar No. 1988
1125 Shadow Lane
Las Vegas, Nevada   89102
*Attorney for Plaintiffs*